**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4220**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

JONATHAN ISREAL DILDY,

 Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:17-cr-00362-TDS-1)

Submitted: October 16, 2018                    Decided: November 1, 2018

Before FLOYD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Charles L. White, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. John Mcrae Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Jonathan Isreal Dildy pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012), and was sentenced to 84 months in prison. Dildy appeals. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. Although he was advised of his right to file a pro se brief, Dildy did not file such a brief. We affirm.

Because he had at least two prior felony convictions of a crime of violence or a controlled substance offense, Dildy's base offense level was 24. *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2016). Dildy does not dispute that his felony conviction of possession with intent to sell/distribute marijuana qualifies as one such felony. Instead, he claims that his conviction of North Carolina common law robbery does not so qualify. We recently held that North Carolina common law robbery "categorically qualifies as 'robbery'" under USSG §§ 2K2.1(a), 4B1.2(a)(2). *United States v. Gattis*, 877 F.3d 150, 156 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1572 (2018). We therefore find no merit to Dildy's claim.

We additionally reject the claim that Dildy's sentence is unreasonable. In this regard, the district court properly calculated Dildy's Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors and the arguments of the parties, and provided a sufficiently individualized assessment based on the facts of the case. We hold that the within-Guidelines sentence is procedurally and substantively reasonable. *See*

*Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009).

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm Dildy's conviction and sentence. This court requires that counsel inform Dildy, in writing, of the right to petition the Supreme Court of the United States for further review. If Dildy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dildy. We deny the motion for appointment of new counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*